# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NEWSON, | CASE NO. 10cv746-WQH-BGS |
| Petitioner, | ORDER |
| vs. | |
| JAMES A. YATES, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 20) of Magistrate Judge Bernard G. Skomal, recommending that this Court deny Respondent James A. Yates' Motion to Dismiss (ECF No. 9) the Petition for Writ of Habeas Corpus (ECF No. 1) filed by Petitioner Raymond Newson.

## BACKGROUND

On December 20, 2006, a jury convicted Petitioner in San Diego County Superior Court of selling, transporting, and possessing for sale cocaine base in violation of California law. (Lodgment 1 at 112; Lodgment 4 at 1). Petitioner was sentenced to seventeen years in custody. (Lodgment 1 at 112; Lodgment 4 at 2).

Petitioner filed a notice of appeal. On April 24, 2007, Petitioner's attorney advised him: "The entire appeal process will take about a year, so be patient. The process can be very slow." (ECF No. 16-1 at 2). On June 7, 2007, Petitioner's attorney filed an appellate brief pursuant to *People v. Wende*, 25 Cal. 3d 436 (1979) and *Anders v. California*, 386 U.S. 738 (1967). (Lodgment 2). The appellate court gave Petitioner an opportunity to file a supplemental brief and, after receiving an extension of time from the court, Petitioner filed a

supplemental brief on July 30, 2007. (Lodgment 3; Lodgment 4 at 3; ECF No. 16-1 at 4).

On August 24, 2007, the appellate court affirmed the judgment. (Lodgment 4). Petitioner was not on the service list of the appellate court and the prison mail log indicates that Petitioner's attorney did not send Petitioner any correspondence after June 27, 2007. (ECF No. 16-1 at 13-14).

On August 12, 2008, Petitioner filed a "Notice and Request for Ruling" in the appellate court seeking a ruling on his Supplemental Brief. *Id*. at 4. After receiving no response from the appellate court, on September 26, 2008, Petitioner filed a "Request ... for a Status Report" with the appellate court. *Id*. at 9.

On October 1, 2008, the appellate court sent Petitioner a copy of the Remittitur and opinion. *See id*. at 14.

On October 30, 2008, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, raising two grounds for relief.[1] (Lodgment 6). On May 13, 2009, the California Supreme Court denied the petition. (Lodgment 7). On August 5, 2009, Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court, raising four grounds for relief. (Lodgment 8). On January 13, 2010, the California Supreme Court denied the Petition. (Lodgment 9).

On April 8, 2010, Petitioner, proceeding pro se, filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, raising six grounds for relief. (ECF No. 1).

On June 14, 2010, Respondent filed the Motion to Dismiss. (ECF No. 9). Respondent contends that the entire Petition should be dismissed with prejudice as barred by the applicable statute of limitations, 28 U.S.C. § 2244(d). In the alternative, Respondent contends that four of the claims in the Petition are procedurally defaulted.

---

[1] Petitioner contends that his October 30, 2008 filing with the California Supreme Court was a direct appeal, while Respondent contends that it was a petition for writ of habeas corpus. For the reasons stated in the Report and Recommendation, the Court finds that, for the purposes of ruling on the Motion to Dismiss, the October 30, 2008 filing was construed by the California Supreme Court as a petition for writ of habeas corpus. *See* ECF No. 20 at 10 n.8; *see also id*. at 4, 10.

On January 31, 2011, the Magistrate Judge issued the Report and Recommendation, recommending that the Motion to Dismiss be denied in its entirety. (ECF No. 20).

On February 9, 2011 and February 25, 2011, Respondent filed objections to the Report and Recommendation. (ECF Nos. 21, 22).

On March 1, 2011 and March 10, 2011, Petitioner filed replies to Respondent's objections. (ECF Nos. 24, 26).

## STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b) (1); *see also U.S. v. Remsing,* 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

Respondent objects to the Report and Recommendation in its entirety. Accordingly, the Court reviews the Motion to Dismiss and the Report and Recommendation *de novo*.

The Magistrate Judge correctly found that the Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d). The Magistrate Judge correctly found that Petitioner is entitled to equitable tolling from October 3, 2007 to October 1, 2008, and Petitioner is entitled to statutory tolling from October 30, 2008 to May 13, 2009. *See* ECF No. 20 at 3-10 (citing, inter alia, *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) ("[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.") (quotation omitted); 28 U.S.C. § 2244(d)(2) (providing for statutory tolling during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.")). The Magistrate Judge correctly found that, based upon the operation of equitable tolling and statutory tolling, the federal

1  Petition was timely filed.  The Motion to Dismiss the Petition as barred by the statute of
2  limitations is denied.

3  The Magistrate Judge recommended that the Court deny the alternative Motion to
4  Dismiss the four claims asserted in Petitioner's second state habeas petition on the basis that
5  the claims are procedurally barred. *See* ECF No. 20 at 11-15.  The Magistrate Judge found that
6  Respondent failed to prove the adequacy of California's timeliness bar, as stated in *In re Clark*,
7  5 Cal. 4th 750 (1993). *See* ECF No. 20 at 14 (citing, inter alia, *Townsend v. Knowles*, 562 F.3d
8  1200 (9th Cir. 2007); *Martin v. Walker*, 357 Fed. Appx. 793 (9th Cir. 2009)).  After the
9  Magistrate Judge issued the Report and Recommendation, the United States Supreme Court
10 issued *Walker v. Martin*, 131 S. Ct. 1120 (2011).  In *Walker*, the Supreme Court reversed the
11 Ninth Circuit's decision in *Martin v. Walker*, abrogated *Townsend v. Knowles*, and held that
12 California's timeliness bar in *Clark* qualifies as an adequate and independent state ground to
13 bar habeas relief in federal court.  Based upon the Supreme Court's decision in *Walker*,
14 Respondent's objection to the Magistrate Judge's finding regarding the adequacy of
15 California's timeliness bar is sustained.  Accordingly, the Court does not adopt page 14, lines
16 11-21 of the Report and Recommendation.

17 Because of his decision regarding California's timeliness bar, the Magistrate Judge did
18 not reach the issue of whether each party satisfied his respective burden regarding the *Clark*
19 successive petition default bar. *Cf. Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003)
20 (describing the burden shifting process).  If this Court were to find that Respondent had pled
21 and ultimately proven that California's successive petition default bar was an independent and
22 adequate state procedural rule, the Court would need to decide whether Petitioner had
23 adequately demonstrated cause for the default and actual prejudice as a result of the alleged
24 violation of federal law. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases
25 in which a state prisoner has defaulted his federal claims in state court pursuant to an
26 independent and adequate state procedural rule, federal habeas review of the claims is barred
27 unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the
28 alleged violation of federal law, or demonstrate that failure to consider the claims will result

1  in a fundamental miscarriage of justice."). Petitioner contends that he has demonstrated cause
2  for both the *Clark* timeliness default and the *Clark* successiveness default. The issue of
3  whether Petitioner can show actual prejudice is related to the merits of the four claims asserted
4  in Petitioner's second state habeas petition. The Court finds that this is an appropriate case for
5  reserving decision on Respondent's procedural default contentions until after Respondent
6  answers the Petition. *Cf. Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002)
7  ("Procedural bar issues are not infrequently more complex than the merits issues ..., so it may
8  well make sense in some instances to proceed to the merits if the result will be the same.")
9  (citation omitted). The Motion to Dismiss four claims as procedurally defaulted is denied
10 without prejudice to Respondent pleading procedural default in the answer.

## CONCLUSION

12     IT IS HEREBY ORDERED that the Report and Recommendation is adopted in its
13 entirety, except for page 14, lines 11-21. (ECF No. 20). The Motion to Dismiss is denied
14 without prejudice to Respondent pleading procedural default in the answer. (ECF No. 9).
15 DATED: March 18, 2011

**WILLIAM Q. HAYES**
United States District Judge